# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **Kortek Industries Pty Ltd**. | |
| Plaintiff, | Civil Action No. 6:21-cv-01029 |
| v. | The Honorable _____ |
| **GLOBE ELECTRIC COMPANY INC,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff Kortek Industries Pty Ltd. ("Kortek"), files this Complaint for Patent Infringement and Damages against Globe Electric Company Inc ("Globe" or "Defendant"), and would respectfully show the Court as follows:

## PARTIES

1. Plaintiff Kortek is a limited by shares Australian proprietary (private) company with its principal place of business located at 34-691 Brunswick St, New Farm, QLD 4005, Australia. Kortek is an Australian engineering firm that develops sensors, controllers, and gateways for building cloud connected systems.

2. On information and belief, Globe is a corporation formed under the laws of Canada with its principal place of business at 150 Oneida, Montreal, Quebec, Canada H9R 1A8. Globe is doing business in the Western District of Texas. Pursuant to § 17.044 of the Tex. Civ. Prac. & Rem. Code, Defendant has designated the Secretary of State as its agent for service of process and may be served with process through its counsel or by serving the Secretary of State.

1

3. On information and belief, Defendant directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the Western District of Texas, and otherwise directs infringing activities to this District in connection with its products and services.

## JURISDICTION

4. This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

5. This United States District Court for the Western District of Texas has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Texas.

6. Kortek's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of Texas.

7. Defendant has committed acts of infringing the patents-in-suit within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products claimed by the patents-in-suit, including without limitation products made by practicing the claimed methods of the patents-in-suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products into this District and the State of Texas. Defendant regularly conducts and solicits business in, engages in other

persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Texas.

8. This Court has personal jurisdiction over Defendant pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq*. Personal jurisdiction exists over Defendant because Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of Texas and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Texas and this District. This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the Western District of Texas that Defendant knew would be used within this District, and by soliciting business from the residents of the Western District of Texas. For example, Defendant is subject to personal jurisdiction in this Court because, *inter alia*, Defendant directly and/or through agents regularly does, solicits, and transacts business in the Western District of Texas. Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of Texas.

9. This Court also has personal jurisdiction over Defendant, because in addition to Defendant's own online website and advertising with this District, Defendant has also made its products available within this judicial district.

10. The amount in controversy exceeds $75,000 exclusive of interests and costs.

11. Venue is proper in this Court under 28 U.S.C. § 1391(c) because Defendant is a foreign corporation. Further, upon information and belief, Defendant has committed or induced

acts of infringement, and/or advertises, markets, sells, and/or offers to sell products, including infringing products, in this District.

## THE PATENTS-IN-SUIT

12. On October 11, 2016, United States Patent No. 9,465,377 ("the '377 patent"), entitled "Wireless power, light and automation control" was duly and legally issued by the United States Patent and Trademark Office ("USPTO") to Barrie Davis, Benjamin Davis, and Matthew Davis, who conveyed to Kortek Industries Pty Ltd all rights, title, and interest in and to the invention of the '377 patent and its underlying patent applications, including the right to sue and recover for patent infringements, by written assignments recorded in the United States Patent and Trademark Office. The '377 patent claims patent-eligible subject matter and is valid and enforceable. Kortek is the exclusive owner by assignment of all rights, title, and interest in the '377 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '377 Patent. Defendant is not licensed to the '377 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '377 patent whatsoever. A true and correct copy of the '377 patent is attached hereto as **Exhibit A**.

13. On March 7, 2017, United States Patent No. 9,590,427 ("the '427 patent"), entitled "Adaptable wireless power, light and automation system" was duly and legally issued by the USPTO to Barrie Davis, Benjamin Davis, and Matthew Davis, who conveyed to Kortek Industries Pty Ltd all rights, title, and interest in and to the invention of the '427 patent and its underlying patent applications, including the right to sue and recover for patent infringements, by written assignments recorded in the United States Patent and Trademark Office. The '427 patent claims patent-eligible subject matter and is valid and enforceable. Kortek is the exclusive owner by

assignment of all rights, title, and interest in the '427 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '427 Patent. Defendant is not licensed to the '427 patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '427 patent whatsoever. A true and correct copy of the '427 patent is attached hereto as **Exhibit B**.

14. On December 8, 2020, United States Patent No. 10,862,313 ("the '313 patent"), entitled "Adaptable Wireless Power, Light and Automation System" was duly and legally issued by the USPTO to Barrie Davis, Benjamin Davis, and Matthew Davis, who conveyed to Kortek Industries Pty Ltd all rights, title, and interest in and to the invention of the '313 patent and its underlying patent applications, including the right to sue and recover for patent infringements, by written assignments recorded in the United States Patent and Trademark Office. The '313 patent claims patent-eligible subject matter and is valid and enforceable. Kortek is the exclusive owner by assignment of all rights, title, and interest in the '313 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '313 Patent. Defendant is not licensed to the '313 patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '313 patent whatsoever. A true and correct copy of the '313 patent is attached hereto as **Exhibit C**.

15. On October 1, 2019, United States Patent No. 10,429,869 ("the '869 patent"), entitled "Wireless power, light and automation control" was duly and legally issued by the USPTO to Barrie Davis, Benjamin Davis, and Matthew Davis, who conveyed to Kortek Industries Pty Ltd all rights, title, and interest in and to the invention of the '869 patent and its underlying patent applications, including the right to sue and recover for patent infringements, by written assignments recorded in the United States Patent and Trademark Office. The '869 patent claims

patent-eligible subject matter and is valid and enforceable. Kortek is the exclusive owner by assignment of all rights, title, and interest in the '869 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '869 Patent. Defendant is not licensed to the '869 patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '869 patent whatsoever. A true and correct copy of the '869 patent is attached hereto as **Exhibit D**.

16. The '377, '427, '313, and '869 patents are collectively referred to herein as the "Kortek Patents" or the "patents-in-suit."

17. Plaintiff Kortek is the owner of the entire right, title, and interest in and to the Kortek Patents. Each of the Kortek Patents are presumed valid under 35 U.S.C. § 282.

## ACCUSED INSTRUMENTALITIES

18. Defendant manufactures, uses, tests, markets, offers for sale, sells and/or imports into the United States WiFi-enabled devices (see, e.g., https://globe-electric.com/en/product/globe-electric-wi-fi-smart-plug-no-hub-required-white50114/). Hereafter, the term "Accused Instrumentalities" or "Accused Products" refers to all products manufactured, used, tested, imported, or sold by or on behalf of Defendant practicing the patents-in-suit and all processes employed by Defendant that practice the patents-in-suit, consisting of at least Defendant's WiFi-enabled products, including, by way of example and without limitation, Globe branded Wi-Fi Smart Home and plug products including without limitation the following: 34918, 34207, 34209, 34208, 34919, 34921, 34920, 50035, 50043, 50116, 50077, 50023, 50024, 50113, 50053, 50115, 60839, 59429, 50078, 50068, 50079, 67589, 67240, 50029, 50020, 50114, Smart Blind Kit.

## BACKGROUND

19. Kortek Industries Pty Limited is an Australian proprietary (private) company which is focused on design of an Industrial Internet of Things (IIoT) energy control platform comprising enterprise grade hardware, firmware and knowhow developed by a management team that has created transformative solutions for leading global brands such as Sony, Siemens, Raytheon, Kodak, Visa, Mastercard and HSCB. The company's unique technology includes a range of power measurement and switching devices that let utilities and industrials securely monitor, control and automate the power supplied to electrical equipment through a local wireless network or cloud platform. Applications include demand response, grid management, industrial automation and predictive maintenance. Kortek's world first, patented architecture gives infrastructure customers reliable, future-proofed devices that can be purchased in quantity and installed without concern for the technological obsolescence common with competing IoT solutions.

20. Kortek is backed by team of veteran engineers with a proven track record in the development and mass production of complex electronics for consumer, commercial, banking, military and industrial applications. Barrie Davis, Kortek's Founder, designed, manufactured and sold significant products for over 45 years. Many of Barrie's pioneering achievements have formed the foundations for what have become common industry practices. His proven ability to innovate underpins Kortek's transformative technology.

21. Kortek is a company created to commercialize the intellectual property and engineering of Xitel Pty Ltd. ("Xitel"). Barrie formed Xitel in 1976 to provide contract design services for electronic products that featured microprocessors, a relatively new technology at the time. Prior to forming Xitel, Barrie had already completed several successful products. Significant

among these was the Information Electronics Ltd IE131 programmable CRT terminal which used an Intel 8008 processor, 1103 dynamic RAM and 1702A EPROM, all cutting edge in its day. For the IE131, Barrie was awarded a Master's Degree in Electrical Engineering from Adelaide University after referral to the Massachusetts Institute of Technology (MIT) for examination due to the revolutionary nature of its design.

22. The IE131 went into full production in early 1973 and was the world's first microcomputer controlled CRT terminal, predating the Apple 1 by three years. The IE131 was sold in volume to the Australian Federal Government and utilities.

23. In 2013, Kortek was established to commercialize the intellectual property and know-how developed by Xitel related to the Internet of Things. Kortek is focused on creating unique embedded architecture and devices for the control and measurement of electrical equipment in infrastructure applications. Kortek's technology covers a diverse range of industrial, agriculture, medical, utility and municipal market verticals. As an early entrant in the IoT, Kortek continues to file patents and holds granted applications that cover a number of cornerstone aspects.

24. Kortek has at least 14 PCT filings, over 10 national phase primary or divisional applications, and 34 granted patents (US, EU, JP, AU, KR and CN).

**COUNT I**
**PATENT INFRINGEMENT OF THE '377 PATENT**

25. Plaintiff restates and realleges the preceding paragraphs of this Complaint.

26. Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '377 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

8

27. Defendant also indirectly infringes the '377 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b). Defendant has knowingly (since at least the date of this Complaint) and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '377 patent (such as its customers in this District and throughout the United States). Defendant continues to induce infringement of the '377 patent. Defendant has contributorily infringed and is a contributory infringer because, with knowledge of the '377 patent (since at least the date of this Complaint), it supplies a material part of a claimed combination, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Defendant contributes to its customers' infringement because, with knowledge of the '377 patent, Defendant supplies the technology that allows its customers to infringe the patent.

28. Defendant has knowledge that its activities concerning the Accused Products infringe one or more claims of the '377 patent. On information and belief, Defendant will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the Accused Products (which are acts of direct infringement of the '377 patent) and Defendant has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '377 patent. Further, Defendant provides information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Defendant's Accused Products (which are acts of direct infringement of the '377 patent). Alternatively, Defendant knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '377 patent but took deliberate actions to avoid learning of these facts.

29. On information and belief, Defendant's infringement of the '377 patent has been willful and merits increased damages.

30. On information and belief, Defendant has known that its activities concerning the Accused Products infringed one or more claims of the '377 patent since at least the date of this Complaint.

31. On information and belief, Defendant has made no attempt to design around the claims of the '377 patent.

32. On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '377 patent were invalid.

33. On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

34. Kortek has been damaged as the result of Defendant's willful infringement. Upon information and belief, Defendant will continue to infringe one or more claims of the '377 patent unless and until they are enjoined by this Court.

35. Defendant has caused and will continue to cause Kortek irreparable injury and damage by infringing one or more claims of the '377 patent. Kortek will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Defendant is enjoined from infringing the claims of the '377 patent.

36. The claim chart attached hereto as **Exhibit E** describes how the elements of an exemplary claim 1 from the '377 patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent

claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order.

## COUNT II
## PATENT INFRINGEMENT OF THE '427 PATENT

37. Plaintiff restates and realleges the preceding paragraphs of this Complaint.

38. Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '427 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Accused Products.

39. Defendant also indirectly infringes the '427 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b). Defendant has knowingly (since at least the date of this Complaint) and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '427 patent (such as its customers in this District and throughout the United States). Defendant continues to induce infringement of the '427 patent. Defendant has contributorily infringed and is a contributory infringer because, with knowledge of the '427 patent (since at least the date of this Complaint), it supplies a material part of a claimed combination, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Defendant contributes to its customers' infringement because, with knowledge of the '427 patent, Defendant supplies the technology that allows its customers to infringe the patent.

40. Defendant has knowledge that its activities concerning the Accused Products infringe one or more claims of the '427 patent. On information and belief, Defendant will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the Accused Products (which are acts of direct infringement of the '427 patent) and Defendant has and will

continue to encourage those acts with the specific intent to infringe one or more claims of the '427 patent. Further, Defendant provides information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Defendant's Accused Products (which are acts of direct infringement of the '427 patent). Alternatively, Defendant knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '427 patent but took deliberate actions to avoid learning of these facts.

41. On information and belief, Defendant's infringement of the '427 patent has been willful and merits increased damages.

42. On information and belief, Defendant has known that its activities concerning the Accused Products infringed one or more claims of the '427 patent since at least the date of this Complaint.

43. On information and belief, Defendant has made no attempt to design around the claims of the '427 patent.

44. On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '427 patent were invalid.

45. On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

46. Kortek has been damaged as the result of Defendant's willful infringement. Upon information and belief, Defendant will continue to infringe one or more claims of the '427 patent unless and until they are enjoined by this Court.

47. Defendant has caused and will continue to cause Kortek irreparable injury and damage by infringing one or more claims of the '427 patent. Kortek will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Defendant is enjoined from infringing the claims of the '427 patent.

48. The claim chart attached hereto as **Exhibit F** describes how the elements of an exemplary claim 1 from the '427 patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order.

## COUNT III
## PATENT INFRINGEMENT OF THE '313 PATENT

49. Plaintiff restates and realleges the preceding paragraphs of this Complaint.

50. Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '313 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

51. Defendant also indirectly infringes the '313 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b). Defendant has knowingly (since at least the date of this Complaint) and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '313 patent (such as its customers in this District and throughout the United States). Defendant continues to induce infringement of the '313 patent. Defendant has contributorily infringed and is a contributory infringer because, with knowledge of the '313 patent (since at least the date of this Complaint), it supplies a material part of a claimed combination, where the material part is not a staple article of commerce, and is incapable of substantial

noninfringing use. Defendant contributes to its customers' infringement because, with knowledge of the '313 patent, Defendant supplies the technology that allows its customers to infringe the patent.

52. Defendant has knowledge that its activities concerning the Accused Products infringe one or more claims of the '313 patent. On information and belief, Defendant will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the Accused Products (which are acts of direct infringement of the '313 patent) and Defendant has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '313 patent. Further, Defendant provides information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Defendant's Accused Products (which are acts of direct infringement of the '313 patent). Alternatively, Defendant knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '313 patent but took deliberate actions to avoid learning of these facts.

53. On information and belief, Defendant's infringement of the '313 patent has been willful and merits increased damages.

54. On information and belief, Defendant has known that its activities concerning the Accused Products infringed one or more claims of the '313 patent since at least the date of this Complaint.

55. On information and belief, Defendant has made no attempt to design around the claims of the '313 patent.

56. On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '313 patent were invalid.

57. On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

58. Kortek has been damaged as the result of Defendant's willful infringement. Upon information and belief, Defendant will continue to infringe one or more claims of the '313 patent unless and until they are enjoined by this Court.

59. Defendant has caused and will continue to cause Kortek irreparable injury and damage by infringing one or more claims of the '313 patent. Kortek will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Defendant is enjoined from infringing the claims of the '313 patent.

60. The claim chart attached hereto as **Exhibit G** describes how the elements of an exemplary claim 1 from the '313 patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order.

### COUNT IV
### PATENT INFRINGEMENT OF THE '869 PATENT

61. Plaintiff restates and realleges the preceding paragraphs of this Complaint.

62. Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including

without limitation at least claim 1 of the '869 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

63. Defendant also indirectly infringes the '869 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b). Defendant has knowingly (since at least the date of this Complaint) and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '869 patent (such as its customers in this District and throughout the United States). Defendant continues to induce infringement of the '869 patent. Defendant has contributorily infringed and is a contributory infringer because, with knowledge of the '869 patent (since at least the date of this Complaint), it supplies a material part of a claimed combination, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Defendant contributes to its customers' infringement because, with knowledge of the '869 patent, Defendant supplies the technology that allows its customers to infringe the patent.

64. Defendant has knowledge that its activities concerning the Accused Products infringe one or more claims of the '869 patent. On information and belief, Defendant will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the Accused Products (which are acts of direct infringement of the '869 patent) and Defendant has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '869 patent. Further, Defendant provides information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Defendant's Accused Products (which are acts of direct infringement of the '869 patent). Alternatively, Defendant knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products

constitutes direct infringement of the '869 patent but took deliberate actions to avoid learning of these facts.

65. On information and belief, Defendant's infringement of the '869 patent has been willful and merits increased damages.

66. On information and belief, Defendant has known that its activities concerning the Accused Products infringed one or more claims of the '869 patent since at least the date of this Complaint.

67. On information and belief, Defendant has made no attempt to design around the claims of the '869 patent.

68. On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '869 patent were invalid.

69. On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

70. Kortek has been damaged as the result of Defendant's willful infringement. Upon information and belief, Defendant will continue to infringe one or more claims of the '869 patent unless and until they are enjoined by this Court.

71. Defendant has caused and will continue to cause Kortek irreparable injury and damage by infringing one or more claims of the '869 patent. Kortek will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Defendant is enjoined from infringing the claims of the '869 patent.

72. The claim chart attached hereto as **Exhibit H** describes how the elements of exemplary claim 1 from the '869 patent are infringed by the Accused Products. This provides

details regarding only one example of Defendant's infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kortek respectfully requests the following relief:

A. A judgment that Defendant has directly infringed either literally and/or under the doctrine of equivalents and continue to directly infringe the Kortek Patents;

B. A judgment that Defendant has induced infringement and continues to induce infringement of the Kortek Patents;

C. A judgment that Defendant has contributorily infringed and continues to contributorily infringe the Kortek Patents;

D. A judgment and order requiring Defendant to pay Plaintiff damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

E. A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

F. A judgment and order requiring Defendant to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

G. A judgment and order awarding a compulsory ongoing royalty;

H. A judgment and order awarding Plaintiff costs associated with bringing this action;

I. A judgment granting a preliminary and permanent injunction that restrains and enjoins Defendant, its officers, directors, divisions, employees, agents, servants, parents,

subsidiaries, successors, assigns, and all those in privity, concert or participation with them from directly or indirectly infringing the Kortek Patents; and

J.  Such other and further relief as the Court deems just and equitable.

## JURY TRIAL DEMANDED

Pursuant to FED. R. CIV. P. 38, Plaintiff Kortek hereby demands a trial by jury on all issues so triable.

Dated: October 5, 2021

Respectfully submitted,

By: /s/ Erick S. Robinson

Erick S. Robinson
Texas Bar No. 24039142
Porter Hedges LLP
1000 Main St., 36th Floor
Houston, TX 77002
Telephone: (713) 226-6615
Mobile: (713) 498-6047
Fax: (713) 583-9737
erobinson@porterhedges.com

*Attorneys for Kortek Industries Pty Ltd.*